# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6884 | **DATE** | 6/21/2000 |
| **CASE TITLE** | McDonald, et al. vs. Washington Mutual Bank | | |

**MOTION:**   [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs; Motion for Class Certification

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   The court denies plaintiffs' amended motion for class certification [24-1] with respect to Classes I and II and grants the motion with respect to Class III.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| ✕ | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JUN 2 6 2000 | | |
| | Docketing to mail notices. | | date docketed | | 38 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| | | | date mailed notice | | |
| SLB | courtroom deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DOCKETED
JUN 26 2000

FRED M. MCDONALD and           )
CAROL MCDONALD,                )
     Plaintiffs,               )
                     )    99 C 6884
     v.                        )
                     )    Judge George W. Lindberg
WASHINGTON MUTUAL BANK, FA,    )
     Defendant.                )

### MEMORANDUM OPINION AN ORDER

In this action for recovery of damages from defendant Washington Mutual Bank FA

(Washington Mutual), plaintiffs Fred and Carol McDonald (McDonalds) move for a class

certification pursuant to Fed.R.Civ.P. 23.

### BACKGROUND

In September 1998, the McDonalds (plaintiffs) obtained a mortgage loan from Home

Savings of America, secured by their residence. In April 1999, plaintiffs received notice that

Home Savings of America had merged with Washington Mutual Bank (defendant), and that

effective May 1, 1999, Washington Mutual would service the McDonalds' mortgage loan.

Between September 1998 and the present, plaintiffs and defendant have been in an

ongoing dispute concerning funds in plaintiffs' escrow account. The dispute concerns

Washington Mutual's double payment of the McDonalds' real estate taxes and Washington

Mutual securing hazard insurance for the McDonalds' residence even though the McDonalds

already had such insurance.

38

The McDonalds sent Washington Mutual a number of correspondences stating that the escrow account balance was incorrect and that the payment of the insurance and the real estate taxes should not have occurred. The McDonalds claim that these correspondences constitute "qualified written requests" as defined in §2605.[1]

The McDonalds have made the following claims against Washington Mutual:

1. Washington Mutual violated §2605(e)(1), which states that when a mortgage servicer or lender receives a "qualified written request" it must send a written acknowledgment of the correspondence or take the action requested in the correspondence within 20 days of receipt.

2. Washington Mutual violated §2605(e)(2), which states that upon receipt of a "qualified written request" a servicer must, within 60 days, (i) make appropriate corrections in the account of the borrower and transmit to the borrower a written notification of such correction; (ii) after conducting an investigation, provide the borrower with a written explanation of clarification that includes (1) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer and (2) the name and telephone number of an individual employed by the servicer who can provide assistance; or (iii) after conducting an investigation, provide the borrower with a written explanation or clarification that includes (1) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer, and (2) the name and telephone number of assistance at the servicer.

3. Washington Mutual violated §2605(e)(3), which states that during the 60-day period beginning on the date of the servicer's receipt of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency.

---

[1] 12 U.S.C. § 2605 (e) defines a "qualified written request" as a "written correspondence, other than notice on a payment coupon or other payment medium supplied by that servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account number of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."

## CLASS CERTIFICATION

Plaintiffs have moved for the certification of three classes. They have defined the first class as all persons who made a "qualified written request," as defined in §2605(e), to Washington Mutual and with respect to whom Washington Mutual failed to acknowledge the "qualified written request" as required by §2605(e)(1). The second class has been defined as all persons who made a "qualified written request" to Washington Mutual and with respect to whom Washington Mutual failed to take corrective action as required by §2605(e)(2). The third class has been defined as all persons who made a "qualified written request" to Washington Mutual and with respect to whom Washington Mutual provided information regarding any overdue payment to a consumer reporting agency during the 60-day period that begins on the date of the servicer's receipt from any borrower of a "qualified written request," in violation of §2605(e)(3).

## Rule 23(a)

To receive class certification, plaintiffs must satisfy the requirements of Fed.R.Civ.P. 23. Under Rule 23(a), plaintiffs must show that "(1) the class is so numerous that joinder of all members is impracticable (numerosity), (2) there are questions of law or fact common to the class (common question), (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality), and (4) the representative parties will fairly and adequately protect the interests of the class (adequate representation)." It is plaintiffs' responsibility to prove all the requirements as set forth in Rule 23. Plaintiffs seek to certify three separate classes, and the following discussion of the requirements under Rule 23(a) applies to all three classes.

The parties in this action do not argue that the numerosity, common question or typicality requirements, as set forth in Rule 23(a), are not met and the court will therefore address these points only in brief. First, even though the exact class size class has not yet been determined, a class action may proceed upon estimates as to the size of the proposed class. Therefore, based on facts set forth by plaintiffs, including numerous reports to governmental agencies and the number of loans serviced by Washington Mutual, it is reasonable to infer that the class is so numerous that joinder of all members is impracticable. Furthermore, plaintiffs have propounded discovery to determine the exact number of class members at the time of this opinion.

Second, defendant does not dispute plaintiffs' claim that a common question of law or fact exists among the members of the class. The common legal issues presented in this case are whether Washington Mutual violated §§2605(e)(1), (2) and (3) which concern the handling of "qualified written request" made by customers. Not all factual or legal questions raised in the litigation need be common so long as at least one issue is common to all class members. Spencer v. Central States Pension Fund, 778 F. Supp. 985, 989 n.2 (N.D. Ill 1991). In this instance, the issues common to all class members are whether Washington Mutual has a practice of failing to respond to borrower's requests and whether Washington Mutual violated §§2605(e)(1), (2) and (3).

Third, the parties do not argue the issue of typicality. "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983). In this situation, typicality is inherent in the class because each member of the class would have made a "qualified written

response" as defined by §2605 to Washington Mutual concerning their mortgage. Therefore, no problem with the typicality issue exists in the present situation.

The fourth requirement of Rule 23(b)(3) states that the named plaintiffs need to provide adequate protection for the members of the class. This protection involves two factors. First the plaintiffs' attorney must be qualified, experienced, and generally able to conduct the proposed litigation. In Re Alcoholic Beverages Litigation, 95 F.R.D. 321, 325 (E.D.N.Y. 1982). Second, plaintiffs must not have interests antagonistic to those of the class. Rosario v. Livaditis, 963 F.2d 1013 (7th Cir. 1992). Washington Mutual does not contend that plaintiffs' attorneys cannot adequately represent the class.

However, Washington Mutual does contend that the McDonalds cannot satisfy the "adequate representation" requirement of Rule 23(a) because the McDonalds are only seeking statutory damages on behalf of the class, and that in doing so, the McDonalds are waiving the class members' right to actual damages under the doctrine of res judicata. This reasoning is in error. Section 2605(f) provides for both statutory and actual damages. Therefore, even if the class is certified for only statutory damages, this will not preclude the members of the class from later bringing a claim for actual damages. A court need not certify every issue relevant to the individual members of the class; it need only certify the issues that are common to the class itself. The purpose of Rule 23 is to provide a mechanism for the expeditious decision of common questions. Cooper v. Federal Reserve Bank of Richmond, 467 U.S. 867, 881 (1984).

In short, plaintiffs satisfy all four requirements under Rule 23(a), and the next step in the certification of the class is to meet one of the requirements of 23(b).

## Rule 23(b)(3)

In addition to the four requirements of Rule 23(a), plaintiffs must satisfy one of the criteria as set forth under Rule 23(b) to gain class certification. In this instance, the McDonalds have chosen to bring this class action under Rule 23(b)(3), which requires that the "questions of law or fact common to all members of the class predominate over questions pertaining to the individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Matters pertinent to the findings include: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of the class action."

In this situation, the McDonalds are seeking personal damages as well as statutory damages provided under §2605, and their damages therefore may differ from members among the class. Nonetheless, "a class action will not be defeated solely because of some factual variations among class members' grievances." Patterson v. General Motors Corp., 631 F.2d 476, 481 (7th Cir. 1980). Determination of individuals' remedies will not preclude a certification of a class action. The pivotal question in this matter is whether the defendant's liability depends on legal and factual issues that are the same for all the members of the class.

The following is a discussion of Rule 23(b)(3) as it pertains to each of the three classes that plaintiffs seek to certify.

### Class I

To establish violation of §2605(e)(1), plaintiffs must prove that the loan servicer received a "qualified written request" and failed to acknowledge receipt of the correspondence within 20 days unless the action requested was taken within such period. Plaintiffs define the class as individuals who sent "qualified written requests" to the defendant. Defendant contends that determination of whether a correspondence constitutes a "qualified written request" is based on individual factual questions that defy certification. However, §2605(e)(1)(B) does not require much for a correspondence to constitute a "qualified written request" and the parties can fairly easily determine which correspondences do qualify by an examination of defendant's records.

The McDonalds claim that Washington Mutual has a practice of failing to respond to customers' "qualified written requests." Viewing this statement in the light most favorable to plaintiffs still does not create a common factual issue predominant to the class. A mortgage servicer need not send a correspondence acknowledging receipt of a "qualified written request" if the mortgage servicer takes the action requested in the "qualified written request." Therefore, the actions (or inactions) taken by Washington Mutual need to be evaluated on case-by-case basis. These issues will predominate over the issues that are common to the class in general. Additional factual disputes concerning whether Washington Mutual took proper corrective actions relating to the "qualified written request" may exist.

Plaintiffs argue that other courts have certified class actions against mortgage servicers and lenders. However, this argument is without merit. Plaintiffs proceed to list a number of cases where the courts have certified class actions against mortgage servicers or lenders but fail to draw analogies to the facts of the case before the court.

Plaintiffs assume that the determination of the class does not hinge on disputed facts and can be established by identifying the customers who sent "qualified written requests." However, the definition of the class is not whether the customer sent in a "qualified written request" but whether Washington Mutual violated §2605(e)(1)(A) by failing to either take corrective action or to send written notice within 20 days. In short, the question of whether Washington Mutual violated §2605(e)(1)(A) turns on individual facts that predominate over issues that are common to the class. Therefore, this court denies plaintiffs' motion to certify Class I.

## Class II

The next class that plaintiffs seek to certify is made up of customers who sent "qualified written requests" to Washington Mutual and with respect to whom Washington Mutual failed to take corrective action as required by §2605(e)(2). Assuming that a determination of those who sent "qualified written requests" to Washington Mutual can be readily determined without dispute, the issue of whether Washington Mutual violated §2605(e)(2) needs to be determined.

Section 2605(e)(2) requires a number of individualized inquiries. These inquiries include (i) what type of action the borrower requested; (ii) whether the bank made an adequate investigation in response to the request; whether the bank sufficiently performed the action requested within 60 business days after receiving the request; and (iv) whether the bank provided a written statement to the borrower containing the individualized substantive information within the 60 day period mandated by §2605(e)(2).

Plaintiffs argue that "[f]actual variations among class members' grievances do not defeat class actions." Keele v. Wexler, 149 F.3d 589 (7th Cir. 1998). As discussed above, variations in

damages or remedies are permissible; however, these variations may not exist as to the determination of the class or as to liability on the part of the defendant.

For reasons similar to those mentioned as to Class I, a determination of liability under §2605(e)(2) hinges on individual facts for each member of the class, and liability cannot be determined by a general ruling. To identify class members, a determination of whether defendant took appropriate action must be made. This an individual question of fact that predominates over common questions of the proposed class. Because so many individual issues exist in determining the class and finding liability on the part of defendant, this court denies plaintiffs' motion to certify Class II.

### Class III

Finally, plaintiffs seek to certify a class of individuals defined as all persons who made a "qualified written request" to Washington Mutual and with respect to whom Washington Mutual, in violation of § 2605(e)(3), provided information regarding any overdue payment to a consumer reporting agency during the 60-day period beginning on the day Washington Mutual received the "qualified written request."

Unlike Classes I and II, this determination can be easily made by an examination of defendant's records. To find liability for a violation of §2605(e)(3), plaintiffs must show that defendant received a "qualified written request" and reported plaintiffs to a credit bureau within the 60 days following receipt of that request. Determination of whether defendant violated §2605(e)(3) is not based on individual factual issues that predominate over those of the class members. Because the "qualified written requests," the dates defendant received these

requests, and the dates any delinquency was reported to a credit bureau are all fairly easy to determine, this court grants plaintiffs motion to certify Class III.

## CONCLUSION

Plaintiffs' amended motion for class certification is denied with respect to Classes I and II because the issues common to the class do not predominate over issues pertinent to the individual members. However, this court grants plaintiffs amended motion to certify Class III because the issues common to the class predominate of individual issues.

**ORDERED:** The court denies plaintiffs' amended motion for class certification with respect to Classes I and II and grants the motion with respect to Class III.

**ENTER:**

George W. Lindberg
United States District Judge

DATED:   JUN 2 2 2000