Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6884 | **DATE** | 7/10/2000 |
| **CASE TITLE** | McDonald, et al. vs. Washington Mutual Bank | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant; Motion to Dismiss and to Strike

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to dismiss [33-1] and to strike [33-2] is denied in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices: / | Document Number |
| | No notices required. | | |
| X | Notices mailed by judge's staff. | JUL 12 2000 date docketed | 40 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 7-11-00 date mailed notice | |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | SLB mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FRED M. MCDONALD and )
CAROL MCDONALD, )
) 99 C 6884
Plaintiffs, )
v. )
) Judge George W. Lindberg
WASHINGTON MUTUAL BANK, FA, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs bring this action against defendant, Washington Mutual Bank, alleging three violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq., and Illinois common law for breach of fiduciary duty and breach of contract. Plaintiffs have filed a second amended complaint, which defendant has moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

## BACKGROUND

According to the allegations in the complaint, Washington Mutual is a federally chartered savings bank. Washington Mutual makes and services numerous loans that are "federally related mortgage loans" as defined in 12 U.S.C. § 2602. This means they are secured by a lien on residential real property designed principally for the occupancy of from one to four families, and that the loans are made by "creditors" that make or invest in residential real estate loans aggregating more that $1,000,000 per year. The McDonalds' loan from Washington Mutual qualifies as such a loan.

In September 1998, the McDonalds obtained a mortgage loan from Home Savings of America. In April 1999, the McDonalds received notice that Washington Mutual and Home



1

Savings of America had merged and that effective May 1, 1999, Washington Mutual would begin to service the McDonalds' loan.

The McDonalds contend that between September 1998 and the present, Home Savings of America and Washington Mutual made improper and unauthorized disbursements from the McDonalds' escrow account for real estate taxes and hazard insurance. To try and clear up the hazard insurance problems, plaintiffs had their insurance agent send Washington Mutual confirmation on March 23, 1999, and May 14, 1999, that the McDonalds already had insurance. The McDonalds claim that these letters from their insurance agent constitute "qualified written requests" under § 2605(e)(1)(B). The McDonalds allege that more than 60 days have passed since their insurance agent sent the letters and that Washington Mutual has violated the Act by not responding to the letters.

On June 29, 1999, the McDonalds sent Washington Mutual a letter describing the dispute concerning the money taken from their escrow account. The McDonalds claimed in the letter that they already had hazard insurance. The McDonalds allege that the June 29, 1999, letter also constitutes a "qualified written request" and that more than 60 days have passed without any response or action from Washington Mutual. Furthermore, the McDonalds contend that in violation of the Act, Washington Mutual reported the McDonalds as delinquent to one or more credit bureaus within 60 days of the June 29, 1999, letter.

According to the McDonalds, Washington Mutual had fiduciary and contractual duties to apply the amounts held in the McDonalds' escrow account only for proper purposes. The McDonalds contend that Washington Mutual breached this duty when it paid the real estate taxes and secured hazard insurance. The McDonalds claim that Washington Mutual's breach was

willful and malicious in that Washington Mutual continuously ignored the McDonalds' requests for corrective action and its employees laughed at them when the McDonalds attempted to resolve the issue over the phone.

Based on the allegations, the McDonalds bring claims of: (1) violations of §§ 2605(e)(1), 2605(e)(2) and 2605(e)(3) on a class action basis; (2) violations of §§ 2605(e)(1), 2605(e)(2) and 2605(e)(3) on an individual basis; (3) breach of fiduciary duty; and (4) breach of contract. Washington Mutual claims that (1) the correspondences sent by the McDonalds do not constitute "qualified written requests" as defined by § 2605(e)(1)(B); (2) the McDonalds insurance agent did not act as the McDonalds' agent for the purpose of making a "qualified written request"; (3) the McDonalds cannot satisfy the requirements for a violation of § 2605(e)(3); (4) the court cannot award "additional damages" where plaintiffs fail to allege the existence of any "actual damages" under § 2605(f)(2); (5) the McDonalds have not alleged violations of § 2605(e)(1) and (3); (6) the McDonalds and Washington Mutual do not have a fiduciary relationship; (7) the McDonalds are required to attach a copy of the contract for a breach of contract claim; and (8) Washington Mutual did not breach the contract because there are no express terms that Washington Mutual violated.

## DISCUSSION

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. Gibson v. Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). A complaint should be dismissed only where the plaintiff fails to allege any set of facts upon which a court could grant relief. Id. at 1521. When deciding whether or not to grant or deny a defendant's motion to dismiss, a court must accept "the truth of all well-pleaded allegations and

3

mak(e) all possible inferences in favor of the plaintiff." Hernandez v. Joliet Police Dept., 197 F.3d 256, 262 (7th Cir. 1999) (quoting Sherwin Manor Nursing Center v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). A court should not dismiss a plaintiff's case unless "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.

**COUNT I – CRANSTON GONZALES ACT – CLASS CLAIMS**

Washington Mutual argues that the "additional damages" provided in § 2605 cannot be awarded in the absence of "actual damages" and contends that additional damages cannot be awarded to members of the class. The court previously certified one class in this action for alleged violations of § 2605(e)(3).

Plaintiffs sought to certify three distinct classes for violations of § 2605 and the court has certified one class with respect to § 2605(e)(3). For this class, plaintiffs seek statutory damages as provided by § 2605(f)(2)(B). Defendant cites Katz v. The Dime Savings Bank, 992 F.Supp. 250 (W.D.N.Y. 1997), and argues that the court should dismiss this claim because "additional damages" can only be awarded where plaintiffs seek actual damages.

[1] The court in Katz stated that it had to address the following question:

> Does section 2605(f)(1) authorize statutory damages under subsection (B) in cases where the plaintiff is unable to prove actual damages and thereby recover damages under subsection (A)? Put another way, are the additional statutory damages authorized under 2605(f)(1)(B) only available in cases where a plaintiff has demonstrated actual damages, or are they available in any case where a plaintiff can demonstrate a technical violation of the statute? Id. at 257

---

[1] Defendants also contend that plaintiffs lack standing to represent the class. This issue applies to class certification, which this court has already ruled on in the class certification opinion.

However, Katz is distinguishable from the instant case in that it dealt with an individual claim, not a class, and the court did not rule on the class issue. Basically, defendant cites a case that raises the same question but does not provide an answer.

Requiring plaintiffs to prove actual damages before they can receive additional damages defeats the purpose of the class action provision. It would be very difficult to assert actual damages for each class member, especially if the class is numerous. In addition, class certification would become extremely convoluted because issues of each class members' actual damages would predominate over issues common to the class, thus making class certification difficult to attain.

The purpose of § 2605(f)(2)(B) is to punish a defendant for noncompliance with the provisions of § 2605. Plaintiffs bring this action alleging noncompliance of § 2605(e)(3) and seek statutory liability for this noncompliance. If each class member were required to prove actual damages, a defendant could knowingly violate § 2605 on a regular basis with the knowledge that it would be tremendously difficult to bring a class action. Section 2605(f)(2) explicitly provides statutory relief for class actions, therefore, following defendant's suggestion would defeat the purpose of permitting a class action. For this reason, the court finds the defendant's argument untenable and denies defendant's motion to dismiss Count I of plaintiffs' complaint.

## COUNT II – CRANSTON GONZALES ACT – INDIVIDUAL CLAIMS

*Qualified Written Requests as Defined by § 2605(e)(1)(B)*

The McDonalds allege three violations of the Cranston Gonzales Act. These include violations of § 2605(e)(1), § 2605(e)(2) and § 2605(e)(3). Each of these violations requires that the borrower send the loan servicer a "qualified written request."

Washington Mutual argues that the correspondences of March 23, 1999, and May 14, 1999, (sent by the McDonalds' insurance agent John Lundstrum) do not constitute "qualified written requests" as defined by § 2605(e)(1)(B) because the correspondences do not contain the information required by § 2605(e)(1)(B). This section defines a "qualified written request" as a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer that:

> "(i) includes, or otherwise enables the servicer to identify, the name and account number of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."

Plaintiffs claim that they sent defendant at least three correspondences and that each contained their name, loan number and a statement of the reasons that the account is in error. Whether these correspondences constitute "qualified written requests" currently is a question of fact. See Williamson v. Advantage Mortgage Corp. 1999 WL 1144940 (N.D. Ill.). As this is a motion to dismiss, the court must view the facts in light most favorable to the plaintiffs. Therefore the court must consider the correspondences "qualified written requests" for the purpose of deciding defendant's motion to dismiss.[2]

---

[2] Washington Mutual also contends that John Lundstrum cannot act as an agent for the McDonalds. As at least one of the correspondences was sent directly by the McDonalds, the court need not rule on this issue. In any event, whether Lundstrum acted as the McDonalds'

6

In addition, Washington Mutual contends that the McDonalds' "qualified written request" is not subject to the protections of § 2605(e)(3) and that the court should therefore dismiss this claim. Washington Mutual argues that the letter does not relate to a dispute regarding the borrower's payments. Even though the letter concerns the balance in the McDonalds' escrow account, it does describe how the McDonalds' monthly payments were being misapplied. The letter states:

> "I am continuing to make my required monthly payment of $1,431.61. You are now placing these in a suspense account because of your improper demands and disbursements from my escrow. I request you properly apply my payments to principal, interest, and correct escrow amount, as required by my mortgage documents."

This letter identifies that plaintiffs were disputing the application of the McDonalds payments. Therefore, this letter, taken in the most favorable light to plaintiffs, does satisfy the requirements of § 2605(e)(3). Once again, this is a question of fact, not law.

***Failure to State a Claim***

Washington Mutual also contends that the McDonalds do not state a claim for violations of either § 2605(e)(1) or § 2605(e)(3). However, Washington Mutual fails to provide reasons to support this argument. The McDonalds do state in the complaint that Washington Mutual violated all three statutory provisions and Washington Mutual's argument therefore lacks merit. The McDonalds claim that they sent in a "qualified written request" concerning their loan and that Washington Mutual failed to make a written response, or take corrective action, and that it reported their account as delinquent to a credit bureau. They have stated enough in the complaint

---

agent is a question of fact.

to survive a motion to dismiss. Therefore, the court denies defendant's motion to dismiss Count II of plaintiffs' complaint.

## COUNT III – BREACH OF FIDUCIARY DUTY

Plaintiffs claim that a fiduciary relationship exists between the McDonalds and Washington Mutual. "A fiduciary relationship exists when a confidence is reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests on the one reposing the confidence." Buhle v. Chicago Board Options Exchange, Inc., 170 Ill. App.3d 65, 69, 523 N.E.2d 1276, 1278, 120 Ill. Dec. 365, 367 (1988). The McDonalds claim that Washington Mutual has a duty to apply the amounts held in their tax escrow account for proper purposes only. The McDonalds claim that Washington Mutual breached its fiduciary duty towards the McDonalds by debiting their tax escrow account $2,163.65 for forced placed insurance premiums and for the second installment of the 1997 real estate taxes when such installment should have been paid from the funds set aside at closing for that purpose. The McDonalds allege that they had to pay an additional $850.20 into their escrow account and were charged $116.20 in late charges because of Washington Mutual's actions.

Washington Mutual argues that the complaint simply states a conclusion that a fiduciary relationship exists and that such a conclusory allegation is improper because it fails to assert facts that could establish the existence of a fiduciary relationship. Furthermore, Washington Mutual cites Northern Trust Co. v. Burlew, 171 Ill. App. 3d 1000, 1003, 525 N.E.2d 1123, 1126, 121 Ill. Dec. 816, 819 (1988), and contends that no fiduciary relationship exists between a debtor and a creditor.

8

However, Illinois courts have found that an escrowee owes a fiduciary duty to act only in accordance with the terms of the escrow instructions. Johnson v. Maki and Associates, Inc., 289 Ill. App.3d 1023, 1028, 682 N.E.2d 1196, 1199, 225 Ill. Dec. 119, 122 (1997). Plaintiffs have alleged the existence of a fiduciary duty and have alleged a cause of action for a breach of fiduciary duty. They claim that defendant misapplied their escrow funds and that defendant should have applied the funds in the escrow account for proper purposes. "Any need to plead facts that, if true, establish each element of a 'cause of action' was abolished by the Rule of Civil Procedure in 1938." Sanjuan v. American Board of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994). Therefore, the court denies defendant's motion to dismiss Count III of plaintiffs' complaint.

## COUNT IV – BREACH OF CONTRACT

Washington Mutual makes two arguments to dismiss the McDonalds' claim for breach of contract. First, it claims that the McDonalds were required to attach a copy of the contract to their complaint for breach of contract pursuant to 735 ILCS 5/2-606. Second, Washington Mutual claims that the McDonalds cannot maintain a breach of contract claim based on the express language of the mortgage contract.

Washington Mutual argues that because plaintiffs are asserting an Illinois state law claim for breach of contract, they must attach a copy of the contract to the complaint or incorporate the applicable provisions of the contract into the complaint as required by 735 ILCS 5/2-606. This argument fails. The rule cited by Washington Mutual is an Illinois rule of procedure. The Federal Rules of Civil Procedure apply in all suits of a civil nature in federal court with some limited exceptions. Diamond Mortgage Corp. v. Sugar, 913 F.2d 1233, 1239 (7th Cir. 1990). There exists

9

no Federal Rule of Civil Procedure that requires the plaintiff to attach a copy of the contract to the complaint in a breach of contract case.

Furthermore, Washington Mutual argues that the complaint is devoid of the specific language of the mortgage contract that they claim gives rise to this dispute. While it is true that a court will dismiss a breach of contract claim where the complaint is devoid of references to the provisions of the contract allegedly breached, Murphy v. White Hen Pantry Co., 691 F.2d 350, 352-53 (7th Cir. 1982), plaintiffs' complaint is not devoid of references to the contract. The McDonalds allege that Washington Mutual "had duties under the mortgage with respect to plaintiffs' escrow to apply the amounts held in their tax escrow account for proper purposes, only." Plaintiffs have therefore alleged sufficient facts concerning the contract to survive defendant's motion to dismiss

In addition, Washington Mutual argues that the McDonalds cannot maintain a breach of contract claim based upon the express language of the mortgage contract. Defendant argues that the only express duties in the contract with respect to plaintiffs' escrow account is to account for any excess funds in the account and to refund any amounts held in the account upon payment of the debt secured by the mortgage. The mortgage contract contains a number of provisions concerning the escrow account. Again, whether Washington Mutual breached the mortgage contract is a question of fact. Therefore, the court denies defendant's motion to dismiss Count IV of plaintiffs' complaint.

## CONCLUSION

For the reasons stated above, the court denies defendant's motion to dismiss in its entirety.

**ORDERED:** The court denies defendant's motion to dismiss in its entirety.

ENTER:

*George W. Lindberg*

George W. Lindberg
United States District Judge

DATED: 7-11-00